No. 37,047

JACOB LICHTER and JENNIE L. LICHTER, Partners doing business as SOUTHERN FIREPROOFING COMPANY, *Appellees* and *Cross-appellants,* v. JOHN A. JOHNSON & SONS, INC., *Appellant.*

(195 P. 2d 582)

Opinion filed July 10, 1948.

*Edward Rooney, Jacob A. Dickinson* and *David Prager,* all of Topeka, were on the briefs for the appellant.

*Lester M. Goodell* and *Randal C. Harvey,* both of Topeka, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action for damages for breach of contract. The defendant appeals, specifying as error the trial court's rulings denying its motion for judgment on the answers of the jury to special questions and denying its motion for a new trial.

The pleadings may be summarized. In their petition plaintiffs alleged that they were residents of Ohio; that defendant, a New York corporation, entered into a contract with Goodyear Tire & Rubber Company of Kansas, for the construction of a plant at Topeka, and requested plaintiffs to submit proposals as subcontractors to furnish materials and labor on masonry work, and that on Sep-

tember 14, 1944, they submitted such a proposal, a copy thereof being made a part of the petition as Exhibit A. The proposal was in writing, dated September 14, 1944, and was directed to defendant and signed by plaintiffs, and proposed that for the sum of $125,000 plaintiffs would furnish certain materials and perform certain labor. Terms of payment were specified. The concluding sentence was: "We understand that you will desire us to execute standard D. P. C. form of contract incorporating the above provisions." Plaintiffs further alleged that on the same day the defendant, through its duly authorized officer and agent, John A. F. Johnson, accepted the proposal and directed plaintiffs to commence work in preparation for performance of the contract and notified plaintiffs that written contracts would be prepared for signature upon the standard D. P. C. form; that thereafter defendant gave plaintiffs orders and directions with reference to the work, including delivery to the project site of materials and the sending of a superintendent and employees, and at a substantial expense plaintiffs complied with the directions of defendant; that on September 26, 1944, defendant submitted a form of contract prepared by it which did not conform to the standard D. P. C. form but contained contrary provisions resulting in a material increase of cost in performing the work and prejudicial to plaintiffs; that plaintiffs refused to execute the submitted contract but offered to enter into a contract upon the standard D. P. C. form. That on October 4, 1944, defendant repudiated its contract with plaintiffs and notified plaintiffs that defendant would not permit work under the contract; that the written proposal of plaintiffs and the oral acceptance thereof by the defendant constituted the contract between the parties and that the contract was breached by acts of the defendant, and by reason thereof plaintiffs had been damaged in the sum of $45,000 for which they prayed judgment.

The answer of the defendant, which was not verified, consisted of a general denial, admission of the names and status of the parties, and contained allegations that the transactions between the parties were for the sole purpose of negotiating the terms, provisions and conditions of a written contract; that the parties intended to be bound only by such written contract, and that such a contract was never consummated for the reason they were unable to agree upon the terms, conditions and provisions of a written contract and there was no meeting of the minds of the parties; that plaintiffs well knew it was contemplated their negotiations were preliminary only and

432

were to be binding only if reduced to written contract signed by both parties in accordance with the custom of the trade, and that the voluminous and detailed provisions involved in such a transaction as described in plaintiffs' petition are customarily reduced to writing in the trade. Defendant prayed that plaintiffs take nothing under their petition.

Plaintiffs' reply may be designated as a denial of the allegations of defendant's answer.

As a result of a trial the jury returned a general verdict in favor of the plaintiffs and answered special questions submitted, as follows:

"1. Did plaintiff on September 14, 1944, submit to defendant its proposal of September 14, 1944 (Plaintiff's Exhibit No. 1) as set out in plaintiffs' petition as (Exhibit A)? A. Yes.

"2. Did John A. F. Johnson on September 14, 1944, accept the proposal of plaintiff (designated as Exhibit A in plaintiff's petition and as plaintiff's Exhibit No. 1 in evdence) in a conversation with Jacob Lichter on the telephone on September 14, 1944? A. Yes, in accordance with evidence produced.

"3. Was there a time during the negotiations between the parties to this suit when plaintiff and defendant had agreed on all material matters and details pertaining to the work and material to be done and furnished by plaintiff for defendant? A. Yes.

"4. If the above question is answered in the affirmative, then state when, and between what parties such complete agreement was reached. A. Yes, prior to plaintiff Exhibit 29 and between Lichter and John A. Johnson & Son, Inc.

"5. If you find there was a complete agreement between the parties then state:

"(a). What part of said agreement if any, was in writing and designate and identify the writing. A. Yes, plaintiff Exhibit One.

"(b). Was any portion of the agreement oral, and if so, what was the oral portion and between what parties was the oral portion agreed to and on what date? A. Yes, acceptance of proposal was oral. Between Lichter and John A. Johnson & Son, Inc.

"6. If you find the plaintiff and defendant had a mutual contract what do you find would have been the reasonable total cost of performing it? A. $117,000.

"7. Was Jacob Lichter during the time of the negotiations between the parties concerning the subject of this lawsuit told that the home office of defendant in Brooklyn had the final authority to determine the details of any contract which might be made between plaintiff and defendant and did he so understand? A. Yes."

Defendant's motions for judgment on the answers to special questions and for a new trial were denied, and judgment was rendered in favor of plaintiffs and against defendant.

In due time the defendant perfected its appeal to this court.

Appellees challenge the right of appellant to be heard for the reason that appellant, in its abstract, has not included any part of the evidence received at the trial and that the inclusion only of the pleadings, the special questions submitted to the jury and the answers thereto, the post trial motions and the journal entry of judgment presents a record so incomplete that the court cannot intelligently pass on the errors specified. The challenge would be good as to the error specified on the denial of the motion for a new trial, but appellant presents no argument thereon, and we shall treat it as abandoned. No abstract of evidence is necessary to enable us to pass on the motion for judgment on the jury's answers to special questions, the adverse ruling on which constitutes the only other error specified.

Appellant presents its argument under two headings. It first contends that where the pleadings allege a written offer and an oral acceptance by an agent on a certain date and the jury finds the agent had no authority to enter into a binding contract and such want of authority was known by the offeror, the offeror cannot recover against the principal since no contract actually exists. It states that appellees submitted their offer on September 14, 1944 (Ans. No. 1), and that Johnson accepted it on the same day in a conversation with one of the plaintiffs (Ans. No. 2). It argues that the jury found there was at one time a complete agreement between appellees and appellant but that they did not find this agreement was reached on September 14, 1944, but prior to plaintiffs' Exhibit 29 (Ans. No. 4). The evidence not being abstracted, Exhibit 29 is not before us and we can indulge no presumptions in appellant's favor with respect to it. Appellant's motion for judgment on the answers to special questions concedes they are supported by evidence, and under well settled law we are to construe such answers as consistent and not inconsistent with the general verdict, if that may be done. There is nothing in answer No. 4 nor any other answer which compels any conclusion a complete agreement was not reached between the parties on September 14, 1944. Neither can there be any question about Johnson's authority to make the contract. It was alleged in the petition he had such authority and was not denied under oath in the answer. Under the pleadings there was no issue, and if notwithstanding there was evidence, that evidence is not before us. Certainly there is nothing in any answer

that warrants a finding he was without authority. Appellant, however, places its main reliance on answer No. 7, where the jury found that plaintiffs knew the defendant's home office had final authority to determine the details of the contract. Its argument is that when appellees submitted their offer and Johnson accepted it, they knew the home office had the final authority, and an argument is made that no binding contract ever resulted; that the answer discloses that appellees are attempting to hold the appellant on a contract although they knew and understood that Johnson, its agent, had no authority. Such a construction is one entirely favorable to appellant and unfavorable to appellees, inconsistent with other answers and one which compels us to assume something not disclosed by the record. We have heretofore treated the question of Johnson's authority. So far as anything before us is concerned, all the negotiations mentioned may have been held and had in the home office of appellant. Wherever held, there is an utter absence of any special finding that appellant's home office had not specifically authorized Johnson to accept appellant's proposal, and the effect of the general veridct was to resolve that question in favor of appellees.

Appellant next argues that the pleadings allege a written offer and an oral acceptance, and that the pleadings show and the jury found that the parties did not intend to be bound by an oral contract but only by a written contract, and such a finding precludes appellees from recovery. The premise for the above argument is contrary to the record. The offer of appellees did not make execution of a written contract a condition to a binding contract—it merely recognized that the appellant "will desire us to execute Standard D. P. C. form of contract incorporating the above provision." The pleadings disclose that the appellant accepted the proposal and without awaiting execution of the prescribed "standard D. P. C. form of contract" gave the appellees certain orders for materials and labor mentioned in the proposal, and put the contract into execution, and, as pleaded, because the appellees would not execute a written contract of a different form, the appellant repudiated the contract formed by the written proposal of the appellees and its oral acceptance by the appellant. True enough, the appellant raised the issue by its answer that there was to be no contract until all terms and conditions were reduced to writing and the written contract executed, and presumably evidence was intro-

duced thereon, but the issue was decided by the jury in favor of the appellees. Appellant directs attention to the answers to special question No. 7 and argues that it shows conclusively that appellees knew John A. F. Johnson was without authority to bind his principal, and that approval in writing of the appellant's home office was contemplated as a condition precedent to the contract becoming binding, and that it is therefore entitled to judgment notwithstanding the general verdict. The matter of the authority of John A. F. Johnson to bind his principal has been disposed of heretofore, as has the question of home office approval. We think the jury's answer is not to be interpreted as contended for by the appellant, and that the pleadings and the answer to special question No. 7 do not warrant any judgment in favor of the appellant notwithstanding the general verdict against it.

The judgment of the trial court is affirmed.

HARVEY, C. J., not participating.